UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAMJAN MATOVSKI,

                        Petitioner,                    06 Civ. 4259 (PKC)

      -against-

                                                    MEMORANDUM
                                                    AND ORDER

CHRISTINA MATOVSKI, f/k/a
Christina Grishaj,

                        Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Petitioner Damjan Matovski is the father of Angelina, Anita, and Anthony, ages 12, 11 and 5. He seeks their return to Australia, his country of residence. His petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10,494 (Mar. 26, 1986) (the "Convention"), and the International Child Abduction Remedies Act, 42 U.S.C. § 11601 et seq. ("ICARA").

        Petitioner now moves under Rule 43(a), Fed. R. Civ. P., to permit 8 witnesses to testify telephonically at an international child abduction trial scheduled for June 13, 2007.[1] Petitioner also requests that he be permitted to testify telephonically, or in the alternative that the Court allow him to testify via video link. The 8 witnesses, according to petitioner, would testify on "petitioner's qualities as a father and his relationship with his children, the degree of well-settledness of the children in Australia, [r]espondent's admissions of having been sexually abused as a child by her own father to

---

[1] Petitioner's Letter of May 6, 2007, lists 10 witnesses for whom telephonic testimony is requested. Petitioner's subsequent letter of May 18, 2007, reduces the number of witnesses to 8.

whom she exposes the children in this case on a daily basis . . . and criminal proceedings [against petitioner] . . . ." (Letter of May 6, 2007). For the reasons discussed, I will allow the petitioner to testify via video link, so long as he bears all expenses associated therewith, and otherwise deny his motion.

Background

The petition was filed on June 6, 2006. At the June 15 return of a motion for a preliminary injunction, I set the hearing on the merits of the petition for July 28, 2006. In setting the hearing date, I endeavored to balance the need for pre-hearing discovery and the need for expeditious adjudication. See Convention, art. 11 (mandating that "[t]he judicial . . . authorities of Contracting States shall act expeditiously in proceedings for the return of children").

The petitioner has repeatedly sought adjournments of the trial of this matter. Petitioner sought to postpone the July 28 hearing, citing an inability to obtain a visa for entry into this country, and a need to conduct further discovery. The discovery period was extended to September 1, 2006. At a September 5, 2006 conference, mindful of the petitioner's visa difficulties, I set a hearing date of December 18, 2006.

On December 13, 2006, petitioner sought an adjournment of the December 18 hearing because of his continued inability to obtain a visa. Because of the desirability of having the petitioner present at the hearing, I granted the request. However, my Order placed the onus on petitioner to advise the Court of when he was unconditionally ready to proceed with the hearing:

> I will not allow this action to drag on indefinitely or become
> hostage to the vagaries of the visa process. The petitioner will be
> deemed to have consented to a dismissal without prejudice of this
> proceeding unless he files, on or before March 30, 2007, an

2

>unconditional affidavit of readiness for trial. When and if such an affidavit is filed, I will set a trial date consistent with the Court's calendar.

(Order of December 14, 2006, Docket # 42).

While an affidavit was never filed, a "Notice of Plaintiff's Readiness for Trial" was filed on behalf of petitioner on March 29, 2007 (Docket # 45). On April 4, 2007, I set the matter for a hearing on June 13, 2007 at 10:00 a.m. (Docket # 46).

On April 26, 2007, petitioner's counsel wrote to the Court announcing that petitioner's visa requests had been denied and requesting that petitioner and the witnesses identified in the Joint Pretrial Order be permitted to testify via telephone. In an Order of May 7 (Docket #50), I directed petitioner to address several issues and also to produce "all documents concerning petitioner's visa application, whether submitted on behalf of petitioner or received from any person, agency or entity" because these documents "may have direct bearing on whether this Court should exercise such discretion as it may have to allow the petitioner to testify telephonically." By letter dated May 29, petitioner's counsel reported that the visa materials had not been received by him from the "relevant agencies" and, therefore, have not been produced.

Discussion

Rule 43(a) permits "for good cause shown in compelling circumstances and upon appropriate safeguards" the "contemporaneous transmission" of testimony to a hearing from a "different location." The Advisory Committee Notes to the 1996 Amendment (the "Notes") round out the story and make it plain that there is a decided preference for live testimony in open court:

>Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling

3

>circumstances.  The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

As an example of "compelling circumstances," the Notes offer "unexpected reasons, such as accident or illness" but, even these, according to the Notes, should be balanced against the advantages and disadvantages of rescheduling the trial. "Other possible justifications for remote transmission must be approached cautiously." Id.

The issues in this hearing are likely to be hotly contested.  A significant issue, according to the proposed Joint Pre-Trial Order, is the veracity of "Respondent[']s allegations that the children were exposed to the drug trade, or that Petitioner was involved in the drug trade . . . ."  (JPTO ¶ III.A).  Cross-examination may be expected to extend beyond inconsequential and largely uncontested subject matter.  Credibility assessment will be important.

Here, there has been ample opportunity for the petitioner to conduct de bene esse depositions of the witnesses residing in Australia.  Rule 32(a)(3), Fed. R. Civ. P., would permit the use of the deposition testimony of a witness outside the United States, provided reasonable notice was given and the absence of the witness was not procured by the party.  See also Fed. R. Civ. P. 28(b) (depositions in foreign countries). A videotaped deposition, permitted under Rule 30(b)(2), Fed. R. Civ. P., with respondent's counsel in the same room and able to conduct a cross-examination, including confrontation of the witness with documents, would have been vastly

preferable to relegating the respondent's counsel to attempting to cross-examine a faceless voice at the end of a telephone line.  The Notes to Rule 43 describe deposition testimony as "superior" to contemporaneous transmission.

The argued justification for telephonic testimony is the burden and expense of bringing the witnesses to a New York courtroom. There is no evidence that the specific visa problem faced by petitioner is an obstacle for any of the other 8 witnesses.  The burden to the 8 witnesses has been known to petitioner from the inception of this proceeding.  There is nothing "unexpected" or "compelling".  The application to have the 8 witnesses testify via contemporaneous transmission is denied.

There remains the question of petitioner's own testimony.  He has known of his visa difficulties for 10 months. But he is the father of the children and his parental rights are at stake.  The specific rights sought to be vindicated are assertedly protected by a treaty to which the United States and Australia are parties and also by statute.  In the limited context of an ICARA case and on these facts, I consider the father's inability to obtain a visa, his limited financial resources and his physical distance (22 hours by air travel) to satisfy the standard of "for good cause shown in compelling circumstances . . . ."

There is the question of the type of contemporaneous transmission that will be permitted.  Telephonic testimony from the petitioner would not permit the Court to use all reasonably available tools to assess credibility.  It suffers the shortcomings discussed above and I decline to allow it.  Petitioner's counsel has written to the Court asking that if the Court "does not grant petitioner permission to appear in this trial telephonically, permission for him to appear by videoconference is requested." (Letter of

May 29, 2007).[2]   A live video link should be technologically feasible.  I will grant the alternative relief provided that petitioner bears the logistical burdens and expense of the arrangements. Petitioner's counsel should coordinate with the undersigned's Courtroom Deputy.

        SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
       May 29, 2007

---

[2] Notably, the alternative request for a video link is addressed to petitioner's testimony and not to that of the 8 witnesses.